OPINION
In 1991, appellant, Elizabeth Schaefer, together with her husband, Edgar Schaefer, now deceased, entered into a closed corporation agreement (hereinafter "agreement") with Floyd Miller to create Oak Hill Manor, Inc.
In order to construct Oak Hill, the parties received financing from HUD. One of the requirements for the HUD financing was a capital contribution of ten percent of the requested loan. Mr. Miller funded the contribution with a loan from Key Bank (hereinafter "loan"). Collateral for the loan was three life insurance policies owned by Mr. Miller. Appellant made interest payments on the loan every month.
On March 25, 1996, Mr. Miller died. Appellee, Daniel Mills, Esq., was named executor of Mr. Miller's estate. Appellant ceased making payments on the loan.
On January 14, 1998, appellee filed an action for declaratory relief, injunctive relief and any such other relief. Said action involved the capital contribution for the Oak Hill project. A hearing was held on March 11, 1998. By judgment entry filed March 18, 1998, nunc pro tunc judgment entry filed March 25, 1998 and second nunc pro tunc judgment entry filed same date, the trial court found in favor of appellee, and ordered appellant to reimburse Mr. Miller's estate $599,065.84 plus ten percent interest per annum until repaid.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN FINDING MRS. SCHAEFER PERSONALLY LIABLE TO THE FLOYD MILLER ESTATE FOR THE LOSS OF THE VALUE OF THE LIFE INSURANCE POLICIES PLEDGED AS COLLATERAL FOR THE KEY BANK LOAN IN THE ABSENCE OF EVIDENCE ON THE RECORD ON WHICH TO BASE A CONCLUSION THAT THE POLICIES WERE AN ESTATE ASSET AND THAT PLAINTIFF EXECUTOR HAD STANDING TO SUE.
 II THE TRIAL COURT ERRED IN FINDING MRS. SCHAEFER PERSONALLY LIABLE TO THE FLOYD MILLER ESTATE FOR THE LOSS OF THE VALUE OF THE LIFE INSURANCE POLICIES PLEDGED AS COLLATERAL FOR THE KEY BANK LOAN BECAUSE THERE WAS NO LEGALLY ENFORCEABLE CONTRACT BETWEEN MRS. SCHAEFER AND MR. MILLER BINDING HER TO PAY BACK THE KEY BANK LOAN.
 III THE TRIAL COURT ERRED IN FINDING MRS. SCHAEFER PERSONALLY LIABLE TO THE FLOYD MILLER ESTATE FOR THE LOSS OF THE VALUE OF THE LIFE INSURANCE POLICIES PLEDGED AS COLLATERAL FOR THE KEY BANK LOAN BECAUSE ANY ORAL ARGUMENT BY MRS. SCHAEFER TO REPAY THE AMOUNT OF THE LOST COLLATERAL IS BARRED BY THE STATUTE OF FRAUDS.
We will first address whether or not the judgment entry appealed from is a final appealable order.
R.C. 2505.02 governs final orders and states as follows:
 An order that effects a substantial right in an action which in effect determines the action and prevents a judgment, an order that effects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial.
The appeal sub judice is taken from the trial court's second nunc pro tunc judgment entry filed March 25, 1998. Although this judgment entry contains a stamp stating "NOTICE TO CLERK: FINAL APPEALABLE ORDER," we note this language alone is not sufficient to invoke the jurisdiction of this court. Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86.
In his complaint filed January 14, 1998, appellee claimed a breach of the agreement, and sought injunctive relief for appellant's unilateral and unlawful management of the corporation, failure to pay the loan forcing it into default and unlawful expenditures. The prayer for relief requested an injunction prohibiting appellant "from acting alone on any issue of the corporation without board approval, which requires the consent or approval from Daniel Mills, a review by an independent accountant, attorney fees, punitive damages, and other relief which the court deems just."
On January 15 and 22, 1998, the trial court heard appellee's request for a temporary restraining order to determine if "at this time" appellee is entitled to an order prohibiting appellant from unilaterally managing the corporation (the complaint's first cause of action). By judgment entry filed January 26, 1998, the trial court found under the terms of the agreement, appellee, as the executor of the estate of a shareholder, Mr. Miller, is permitted to be a director of the corporation but not a shareholder. Therefore, the trial court granted appellee as a director the right to access the corporation's books and records. The trial court denied appellee's other requests for failing to meet the requirements for relief and denied the temporary restraining order. The trial court held in abeyance "the question of the obligation to obtain a working capital loan." The trial court stated it would address the interest payments due on the loan if requested.
A hearing on the loan was held on March 11, 1998. By judgment entry filed March 18, 1998, nunc pro tunc judgment entry filed March 25, 1998 and second nunc pro tunc judgment entry filed same date, the trial court found appellant liable on the loan and ruled there was no credible evidence that appellant was to receive stock for the payment of the loan. The trial court found appellant liable to appellee in the amount of $599,065.84 plus interest for reimbursement of the loan and the loan became Mr. Miller's estate's obligation.
After a review of the complaint and answer, we find all issues raised in the complaint have met their final resolution and there is nothing to prevent a judgment against appellant at this time. The trial court's second nunc pro tunc judgment entry filed March 25, 1998 is a final appealable order.
 I
Appellant claims appellee had no standing to initiate the lawsuit. We disagree.
By judgment entry filed January 26, 1998, the trial court found appellee "as Executor, has the duty to protect the assets of the Estate of Floyd Miller." The capital contribution for the Oak Hill project was provided by Mr. Miller via the loan.
Appellant's February 17, 1998 answer did not raise the issue of standing to sue. An issue not raised in the trial court will not be addressed via appellate review. Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in finding her responsible for the loan because there was no legally enforceable contract binding her to pay. We disagree.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610.
By second nunc pro tunc judgment entry filed March 25, 1998, the trial court found appellant and her husband were responsible for providing the capital contribution pursuant to Section 3.4 of the agreement. Said section states as follows:
 3.4 The voting shareholders shall apply for and obtain a loan from ________ Bank to provide additional working capital, such loan shall be in the approximate amount of $ _________ (the `Loan').
The trial court found "[a]s the Schaefers were the holders of all of the voting shares, this obligation, though not completed as to the Bank name and amount, was the Schaefer's obligation." The trial court further found:
 With no loan completed for working capital pursuant to Section 3.4 and no capability of Mrs. Schaefer to complete such, Floyd Miller obtained a loan at Key Bank of $584,000.00 and pledged the cash value of certain life insurance policies, of which certain non-parties to this cause were beneficiaries.
* * *
 The Court determines that as between Key Bank and the Estate of Floyd Miller, a debt obligation existed subject to reimbursement by Anna Elizabeth Schaefer.
Appellant argues the trial court misinterpreted Section 3.4 of the agreement. Appellant argues the amount of the capital contribution described in said section was $50,000, not the loan amount. March 11, 1998 T. at 35. The agreement is silent as to any loan or capital moneys except for Section 3.4. We note the agreement was drafted by appellant's attorney on her behalf. January 15, 1998 T. at 33.
Appellant paid the interest on the loan up until November 1997. Id. at 44. Appellant was unable to present evidence i.e.,
documentation, establishing there was other working capital placed into the corporation per the agreement. Id. at 50. Appellee testified the loan was made exclusively for the benefit of the corporation. Id. at 66.
Credibility of the witnesses and the weight to be given the evidence lies with the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182. We find the trial court, as the trier of fact, resolved the issues of fact through the uncontradicted evidence and testimony of the parties.
Assignment of Error II is denied.
 III
Appellant claims the statute of frauds prohibits the trial court's decision making her responsible for the loan. We disagree.
R.C. 1335.05 governs certain agreements to be in writing and states as follows:
 No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.
We disagree with appellant's characterization the trial court's conclusion was tantamount to finding appellant responsible for the debt of another. The agreement specifically provided that the voting shareholders (appellant and her husband) were responsible for the capital contribution. The factual conclusion that the loan was the capital contribution has been resolved by Assignment of Error II. The trial court's decision was based upon the enforcement of Section 3.4 of the agreement, not upon parol evidence. The statute of frauds does not apply sub judice.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J. and Gwin, J. concur.
Hoffman, J. dissents.